UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 4:26-cv-00217

———

**Brenda Gayle Harrington,**
*Plaintiff,*

v.

**Wells Fargo Bank Company Risk Insurance Management,**
*Defendant.*

———

# ORDER

Plaintiff, proceeding pro se, filed this action under Title VII of the Civil Rights Act of 1964. Doc. 1. The case was referred to a magistrate judge, who issued a report recommending that plaintiff's claims be dismissed without prejudice as time barred. Doc. 6 at 5. Plaintiff filed two sets of objections that are practically identical. Docs. 32, 33.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994). When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Plaintiff's objections do not address the magistrate judge's finding that her Title VII claims were not timely filed in federal

- 1 -

court. Rather, plaintiff argues the report "may have been based on a misunderstanding" regarding the dismissal of her state court action. Doc. 33-1. Regardless of the state court's actions, plaintiff had 90 days to sue in federal court after she received the Equal Employment Opportunity Commission's right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1). That deadline expired at least by February 21, 2020. Doc. 6 at 4. As such, plaintiff's objections are conclusory and need not be considered by this court.

Having reviewed the record and being satisfied that there is no clear error, the court accepts the report's findings and recommendations. Plaintiff's Title VII claims are dismissed without prejudice. Any pending motions are denied as moot.

*So ordered by the court on April 7, 2026.*

J. CAMPBELL BARKER
United States District Judge

- 2 -